# In the United States Court of Federal Claims

No. 22-46
(Filed: 16 December 2022)
NOT FOR PUBLICATION

**************************************
RESHAWN ARMSTRONG, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
*
**************************************

**ORDER**

**HOLTE, Judge.**

*Pro se* plaintiff Reshawn Armstrong filed a complaint in U.S. District Court for the Northern District of Alabama, Western Division alleging numerous violations of the Family and Medical Leave Act and the Fair Labor Standards Act by her employer, the Federal Bureau of Prisons. The district court dismissed several claims for lack of subject matter jurisdiction and required plaintiff to amend the complaint to include an amount in controversy for determining jurisdiction of the other claims. Following a flurry of confusing, overlapping motions and appeals, the district court determined it did not have jurisdiction over the remaining claims and ordered a transfer to this court. The government now moves to dismiss plaintiff's claims pursuant to Rule 12(b)(1) and (6) of the Rules of the United States Court of Federal Claims. Plaintiff moves for leave to amend the complaint. For reasons discussed below, the Court: (1) grants in part and denies in part the government's motion to dismiss; and (2) grants plaintiff's motion to amend.

## I. Background

### A. Factual Background

The Court draws the following facts from plaintiff's filings, "accept[ing] all well-pleaded factual allegations as true and draw[ing] all reasonable inferences in [the nonmovant's] favor." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000); *see also Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed. Cir. 1989) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ("In passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, unchallenged allegations of the complaint should be construed favorably to the pleader.").

Plaintiff is employed as a correctional officer at the Federal Bureau of Prisons ("BOP"). Pl.'s Second Am. Compl. Ex. A at 2, ECF No. 48. Her employment began in 2007, and she has been stationed at the Federal Correctional Institution in Aliceville, Alabama since 2012. *Id.* at 3. Plaintiff has worked in various roles with her employment, and since March of 2016 has been part of the mobile patrol unit. *Id.* In 2018, plaintiff underwent emergency surgery and then experienced a medical condition allowing her leave under the Family and Medical Leave Act ("FMLA"). *Id.* at 4. In January of 2020, she provided the required medical forms to her employer but alleges she was unable to take FMLA leave when requested. Pl.'s Trans. Compl. ¶ 19, ECF No. 38.

Plaintiff claims difficulties associated with pay, leave, and inaccurate recordkeeping extend as far back as 2015. Plaintiff alleges she was told "although she was approve[d] for FMLA she could not request leave without pay . . . but instead she could use her sick or annual leave whenever she invokes FMLA." *Id.* Plaintiff also indicates she printed her daily assignment records and "noticed Management had listed her as leave without pay ("LWOP") instead of FMLA . . . which reflect inaccurate recordkeeping." *Id.* ¶ 20. Additionally, she alleges "Management listed her invoke[d] FMLA entitlement as absent without official leave ("AWOL") on her [National Finance Center ("NFC")] pay period statement." *Id.* ¶ 21. Plaintiff indicates incorrect characterization occurred for records from around 27 January 2020 or 28 January 2020 through 31 January 2020, for 5 February 2020 through 6 February 2020, for 26 February through 28 February 2020, for 2 March 2020 through 6 March 2020, and for 9 March 2020. *Id.* ¶ 20, 24, 26. Plaintiff asserts she "invoked 32 hours of FMLA for Pay Period Two yet Agency reported 56 hours of AWOL." *Id.* ¶ 21. Plaintiff also alleges "she did not receive her 6 hours of annual leave and 4 hours of sick leave for Pay Period Seven of 2020." *Id.* ¶ 23. On 7 May 2020, plaintiff noticed the "Agency took 16 hours of unauthorized annual leave from her balance for Pay Period Eight without her consent when she invoked unpaid FMLA." Pl.'s Trans. Compl. ¶ 27. On 21 May 2020, she noticed "Agency took 8 hours of unauthorized sick leave from her balance for Pay Period Nine without her consent when she invoked unpaid FMLA." *Id.* ¶ 28. On 3 June 2020, she noticed "Agency's Officials listed her as AWOL for 48 hours for Pay Period Ten when she invoke[d] FMLA." *Id.* ¶ 30. Collectively, plaintiff alleges errors occurred in recording of leave sought under the FMLA for pay periods two through ten of 2020. *Id.* ¶ 31.

Plaintiff also alleges non-FLMA claims predating 2020. Plaintiff indicates "she was not paid two hours of overtime for Pay Period Eleven and should be compensated for not being paid timely." *Id.* ¶ 7. Furthermore, plaintiff asserts the "Agency's Official denied Ms. Armstrong's request to review and sign her time and attendance files to ensure accuracy" for 5 June 2017 to 31 December 2017, for 1 January 2018 to 31 December 2018, and for 1 January 2019 to 20 March 2019. *Id.* ¶¶ 8, 13, 15. Plaintiff did not receive pay she was supposed to receive on two occasions—$32.64 for pay period two of 2018 and $42.76 for pay period five of 2020—both "without notification or explanation why money was taken from pay." Pl.'s Trans. Compl. ¶¶ 9, 22. Plaintiff was recorded as AWOL when leave was available on multiple occasions. *Id.* ¶¶ 10–12. Plaintiff was marked AWOL: before "she returned back to work from emergency surgery" on 14 August 2018; for four hours on 14 August 2018, after which plaintiff was given an abuse of sick leave letter which "stated Ms. Armstrong['s] illness is questionable"; and for 28 hours for Pay Period Sixteen of 2018 when "she had to leave do to her not feeling well." *Id.* ¶¶

10–12. Plaintiff also states she was not paid when she "had to stay after her assigned shift to use [a] work computer" on 25 January 2019. *Id.* ¶ 14. Plaintiff also "lost one hour of pay and night differential pay" when she was not paid for one hour of night work on 22 February 2019. *Id.* ¶ 16. Lastly, plaintiff improperly lost 15 minutes of comp[ensatory] time on 7 March 2019 when her employer "listed her as arriving to work at 4:30 pm instead of 4:15pm . . . which caused an additional 15 min[utes] of unauthorized comp[ensatory] time to be taken from Ms. Armstrong leave balance." Pl.'s Trans. Compl. ¶ 17.

Plaintiff seeks monetary relief in the form of "unpaid wages, back pay and damages in the form of liquidated damages" as well as various injunctive remedies. *Id.* at 8–9. Plaintiff does not indicate a specific amount for monetary relief nor does she provide a breakdown of what relief is sought for each claim. The complaint from the district court indicated a total claim amount of $12,953.24. Pl.'s First Am. Compl. at 5, ECF No. 17 (citing First Am. Compl. Ex. 1 at 2, ECF No. 17-1).

### B. Procedural History

Plaintiff originally filed suit in the U.S. District Court for the Northern District of Alabama, Western Division on 5 June 2020 alleging materially the same facts and claims present in the complaint filed in this court. Pl.'s Compl. at 1, ECF No. 1. The district court noted the government was immune to suits where it has not expressly waived its sovereign immunity, including claims under the FMLA. Accordingly, the district court determined it lacked subject matter jurisdiction because Ms. Armstrong is a federal employee bringing a FMLA claim against the government and dismissed with prejudice all claims brought under the FMLA. *See* 18 Sept. 2022 Order, ECF No. 4. The district court also ordered plaintiff to amend the complaint to specify an amount in controversy to determine subject matter jurisdiction for the remaining claims. *Id*. at 4. Rather than amend the complaint, plaintiff filed a motion for certification of interlocutory order on appeal, ECF No. 5. The district court denied the motion, ECF No. 6. Plaintiff then filed a motion for reconsideration which was subsequently denied. Pl.'s Mot. for Recons. at 1, ECF No. 7; 6 Oct. 2020 Order, ECF No. 8.

Plaintiff next filed a motion for default judgment. Pl.'s Mot. for Dflt. J. at 1, ECF No. 11. Within the week of the default judgment motion, plaintiff filed a petition for a writ of mandamus in the Eleventh Circuit asking for a reversal of the dismissal of the FMLA claims; the Eleventh Circuit denied the petition. *See* 30 Oct. 2020 Order at 2–3, ECF No. 16. Plaintiff also asked the district court to stay pending the petition; the district court denied the motion. Pl.'s Mot. to Stay, ECF No. 14; 30 Oct. 2020 Order at 2–3. Despite the numerous distinct motions filed after the district court's order to amend the complaint and reminders from the district court, plaintiff's filings were not accompanied with information regarding an amount in controversy. 4 Nov. 2020 Order at 3, ECF No. 19.

Plaintiff finally amended the complaint to include damages of $12,953. Pl.'s First Am. Compl. at 5 (citing First Am. Compl. Ex. 1 at 2). Due to lack of subject matter jurisdiction, the district court dismissed the complaint without prejudice and denied the motion for default judgment. 4 Nov. 2020 Order at 3. Plaintiff filed a motion for relief from the order, motion to amend, or in the alternative, motion to transfer the case to the Court of Federal Claims

("COFC"). 17 Nov. 2022 Order at 4–5, ECF No. 21. The district court granted the motion for relief in part affording plaintiff the option to either waive damages in excess of $10,000 and remain in district court, or transfer to the COFC. *Id.* at 4–5, ECF No. 21. Plaintiff chose to transfer, and the district court ordered transfer on 1 December 2020. Pl.'s Mot. to Trans. at 1, ECF No. 22; 1 Dec. 2020 Order at 1, ECF No. 23.

Transfer to the COFC requires a 60-day stay under 28 U.S.C. § 1292(d)(4)(B). During the stay, plaintiff filed another notice of appeal. Pl.'s Notice of Appeal, ECF No. 24; Pl.'s Am. Notice of Appeal, ECF No. 25. The appeal sought relief from eight separate orders of the district court, including both the order dismissing the claims brought under the FMLA and the order granting the plaintiff's request for transfer to the COFC. Pl.'s Notice of Appeal at 2.

The Eleventh Circuit affirmed the district court's rulings on the claims brought under the FMLA. *Armstrong v. United States*, No. 21–10200, 2021 U.S. App. LEXIS 37848, at *1–*2 (11th Cir. Dec. 21, 2021). The Eleventh Circuit determined "Armstrong was a federal employee, and thus, she could not bring an FMLA claim against the government." *Id.* The Eleventh Circuit emphasized the district court was "constitutionally obligated to dismiss actions [where it lacked subject matter jurisdiction]" and, accordingly, the district court "did not err by dismissing her FMLA claims on this basis" or "by denying her motion for default judgment because, given its lack of subject matter jurisdiction, it was powerless to do anything else." *Id.*

The Eleventh Circuit transferred the remaining issue of the appeal—the transfer to the COFC—to the Federal Circuit.[1] Mandate at 2, ECF No. 30. In its decision on 15 December 2021, the Federal Circuit noted plaintiff's appeal delayed the relief which she sought, and if the plaintiff had not appealed, the case would have already been transferred. *Id.* The Federal Circuit explained, "the transfer would have occurred on February 1, 2021, after the 60-day stay required under 28 U.S.C. § 1292(d)(4)(B). Before that process could run its course, however, Ms. Armstrong appealed. By appealing, Ms. Armstrong stayed the very relief she sought and won." *Id.* (internal citations omitted). The Federal Circuit dismissed the appeal and to avoid further delay, lifted the stay and transferred the case to the COFC. *Id* at 3. The case was assigned to the undersigned judge, ECF No. 33. Before the Court is the government's motion to dismiss, Def.'s Mot. to Dismiss, ECF No. 44, and plaintiff's cross-motion for leave to amend the complaint. Pl.'s Mot. for Leave Second Am. Compl., ECF No. 48.

## II. Party Arguments

### A. FMLA-Related Claims

Plaintiff brings several claims under the FMLA.[2] The government contends plaintiff has already received opportunity to litigate the FMLA claims resulting in the district court

[1] Under the "Little Tucker Act," 28 U.S.C. § 1346(a)(2), "district courts have concurrent jurisdiction" with the COFC "if the claim is for no more than $10,000." *Abbey v. United States*, 745 F.3d 1363, 1369 n.1 (2014). The Federal Circuit however has appellate jurisdiction "regardless of the amount claimed . . . for a claim under a non-tax statute like the FLSA." *Id.* (citing 28 U.S.C. § 1295(a)(2) & (3)).

[2] The Court construes each paragraph under the "Claims" subheading of plaintiff's transfer and second amended complaints as separate claims. *See* Pl.'s Trans. Compl. ¶¶ 7–31, ECF No. 38; Pl.'s Second Am. Compl. Ex. A ¶¶ 21–44, ECF No. 48.

dismissing the claims with prejudice on sovereign immunity grounds, and the Eleventh Circuit affirmed their dismissal. Def.'s Mot. to Dismiss at 6–7. The government argues plaintiff has "indisputably and extensively litigated the dismissal of the identical FMLA claims against the government both before the district court and the Eleventh"—both courts finding lack of subject matter jurisdiction on sovereign immunity grounds barred the FMLA claims—and is now precluded from relitigating the claims. *Id.* at 7. Plaintiff acknowledges the rules of sovereign immunity but argues sovereign immunity should not apply here because of behavior contrary to the laws of the land. Pl.'s Resp. to Def.'s Mot. to Dismiss at ¶¶ 22–25, ECF No. 47.

### B.     Claims Under the FLSA

Plaintiff asserts several claims under the FLSA specific to certain factual circumstances. In general, where the claims relate to leave—claims regarding the opportunity to review and sign leave, claims where plaintiff is recorded as AWOL, and claims where plaintiff failed to receive six hours of annual leave and four hours of sick leave—the government contends the claims are non-monetary in nature, and therefore, the COFC lacks jurisdiction. Def.'s Mot. to Dismiss at 8–10. Additionally, the government argues a valid FLSA claim requires an employee to either fall below minimum wage or worked overtime without pay; plaintiff did not plead either requirement on multiple claims. *Id.* at 10–14. Specifically, the government asserts plaintiff did not plead a valid FLSA claim for instances of missing pay, the hour of night work on 22 February 2019, and the 15 minutes on 7 March 2019. *Id.* at 11.

The government also argues against certain individual claims. First, plaintiff contends $42.76 is missing from a paycheck, Pl.'s Second Am. Compl. Ex. A ¶ 34; the government asserts plaintiff is not missing $42.76. Def.'s Mot. to Dismiss at 10–11. Second, plaintiff asserts two hours of overtime was not paid, Pl.'s Second Am. Compl. Ex. A ¶ 21; the government argues the two hours of overtime is barred by the statute of limitations. Def.'s Mot. to Dismiss at 14–15. On the statute of limitations issue, plaintiff argues she may take advantage of her original filing date of 5 June 2020 as timely. Pl.'s Resp. to Def.'s Mot. to Dismiss ¶ 6. The government agrees plaintiff may take advantage of the 5 June 2020 filing date but asserts the claims are still barred under the two-year statute of limitations. Pl.'s Resp. to Def.'s Mot. to Dismiss ¶ 6; Def.'s Reply to Mot. to Dismiss & Resp. to Pl.'s Mot. for Leave Second Am. Compl. at 2, ECF No. 49. Third, plaintiff claims she did not receive accrual of annual or sick leave, Pl.'s Second Am. Compl. Ex. A ¶ 35; the government argues the FLSA does not regulate accrual of leave in response to the claim regarding the six hours annual leave and four hours of sick leave. Def.'s Mot. to Dismiss at 14.

### C.     Motion to Amend

Plaintiff argues neither party will be prejudiced by her amended complaint and no inconvenience is created by permitting the complaint to be amended. Pl.'s Mot. for Leave Second Am. Compl. ¶ 3. Plaintiff contends a court should freely permit an amendment when justice so requires. *Id.* ¶ 3. The government argues the amendment would be futile because plaintiff does not materially revise any of the claims in her pending complaint. Def.'s Reply to Mot. to Dismiss & Resp. to Pl.'s Mot. for Leave Second Am. Compl. at 3. Additionally, the

amendment fails to cure deficiencies in the complaint which would prevent the success of the government's motion to dismiss. *Id*. at 1.

## III. Applicable Law

### A. Law of the Case Doctrine

Under the law of the case doctrine, "a court will generally refuse to reopen or reconsider what has already been decided at an earlier stage of the litigation." *Suel v. Sec'y of Health & Hum. Servs.*, 192 F.3d 981, 985 (Fed. Cir. 1999); *see* 18 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4478 (3d ed. 2002). A litigant given one good "bite at the apple" should not have a second. *See SynQor, Inc. v. Vicor Corp.*, 988 F.3d 1341, 1355 (Fed. Cir. 2021). "The law of the case doctrine is limited to issues that were actually decided . . . ." *Toro, Co. v. White Consolidated Indus., Inc.* 383 F.3d 1326, 1335 (Fed. Cir. 2004).

### B. Statute of Limitations for Claims Made Under FLSA

A claim under FLSA "shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C §255(a); *see Santiago v. United States*, 107 Fed. Cl. 154, 159 (2012) (finding FLSA claims of civilian employee of the United States Army barred because of filing more than two years after the cause of action had accrued).

### C. Standard of Review for a Motion to Dismiss Under Rule 12(b)(1) & (6)

Under Rule of the United States Court of Federal Claims ("RCFC") 12(b)(1), plaintiffs "bear the burden of establishing the court's jurisdiction by a preponderance of the evidence." *Acevedo v. United States*, 824 F.3d 1365, 1368 (Fed. Cir. 2016) (citing *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (internal quotation marks omitted)). "[A] motion to dismiss a matter from [this Court] due to the expiration of the statute of limitations period concerns a lack of subject matter jurisdiction and is thus properly brought under RCFC 12(b)(1)." *Chisolm v. United States*, 82 Fed. Cl. 185, 192, *aff'd*, 298 F. App'x 957 (Fed. Cir. 2008). "[O]nly uncontroverted factual allegations are accepted as true for purposes of [a Rule 12(b)(1) motion]." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993) (citing *Gibbs v. Buck*, 307 U.S. 66, 72 (1939); 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* §§ 1350, 1363, at 219–20, 457 (2d ed. 1990)). "All other facts underlying the controverted jurisdictional allegations are in dispute and are subject to fact-finding . . . ." *Id.* at 1584 (citations omitted). Further, "the standards appropriate at this stage of the proceedings . . . require that the court construe all factual disputes in favor of [the nonmoving party]." *James v. J2 Cloud Servs., LLC*, 887 F.3d 1368, 1373 (Fed. Cir. 2018) (citation and internal quotation marks omitted).

### D. *Pro Se* Litigants

*Pro se* litigants are granted greater leeway than parties represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). Despite such leeway, this court has long recognized "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (citing *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)). The *pro se* plaintiff—like any other plaintiff—must bear "the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). If a petitioner acts *pro se* in the drafting of her pleadings, it "may explain its ambiguities, but it does not excuse its failures, if such there be." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## IV. Whether Motion to Amend Should be Granted

Plaintiff moves to amend her transfer complaint. Pl.'s Mot. for Leave Second Am. Compl. at 1. The government opposes the leave, citing the amendment would be "futile." Def.'s Reply to Mot. to Dismiss & Resp. to Pl.'s Mot. for Leave Second Am. Compl. at 4. "The court should freely give leave [to amend a complaint] when justice so requires." RCFC 15(a)(2). This is limited by the notion: "[f]utility of the proposed amendment is an adequate reason to deny leave to amend." *Cultor Corp. v. A.E. Staley Mfg. Co.*, 224 F.3d 1328, 1333 (Fed. Cir. 2000).

Plaintiff's amended complaint makes four changes to her transfer complaint. *Compare* Pl.'s Transfer Compl., *with* Pl.'s Second Am. Compl. Ex. A. First, plaintiff adds background information to the complaint to give more context to her claims. Pl.'s Second Am. Compl. Ex. A at 1–¶ 20. Second, plaintiff clarifies she was not paid for two hours of overtime for 18 May 2017; the transfer complaint did not indicate a specific date. *Compare id.* ¶ 21, *with* Pl.'s Transfer Compl. ¶ 7. Third, plaintiff removes claims 18, 19, and 29 from her transfer complaint—all related to FMLA claims. *Compare* Pl.'s Transfer Compl. ¶¶ 18–19, 29, *with* Pl.'s Second Am. Compl. Ex. A ¶¶ 27–29, 41–42. Fourth, plaintiff adds two new claims: 37 and 44. *See* Pl.'s Second Am. Compl. Ex. A ¶¶ 37, 44. The government opposes the motion to amend because "the proposed amendment is futile as to not cure the deficiencies . . . in the [transfer complaint]." Def.'s Reply to Mot. to Dismiss & Resp. to Pl.'s Mot. for Leave Second Am. Compl. at 1. In the same breath, the government enumerates the "substantive changes to the claims" and uses those changes as support to its motion to dismiss the transfer complaint. *Id.* at 4 ("[The amended complaint] resolves the ambiguity in paragraph 7 of the Transfer Amended Complaint . . . ."). The amended complaint is not futile, as it gives context to the claims and affects the Court's analysis for the motion to dismiss—as the government concedes when using the additional information to support its position. *See* Pl.'s Second Am. Compl. Ex. A at 1–4. Accordingly, justice requires the Court grant plaintiff's motion to amend and will analyze the motion to dismiss in light of the amended complaint. RCFC 15(a)(2).

## V. Whether the Law of the Case Doctrine Applies to the FMLA Claims

Plaintiff's claims under FMLA were dismissed with prejudice for lack of subject matter jurisdiction on grounds of sovereign immunity by the district court, and the dismissal was affirmed by the Eleventh Circuit. Def.'s Mot. to Dismiss at 6–7; *Armstrong v. United States*, No. 21–10200, 2021 U.S. App. LEXIS 37848 (11th Cir. Dec. 21, 2021). The question now is whether the FMLA claims are barred here under law of the case doctrine.

Under the law of the case doctrine, "a court will generally refuse to reopen or reconsider what has already been decided at an earlier stage of the litigation." *Suel v. Sec'y of Health & Hum. Servs.*, 192 F.3d 981, 985 (Fed. Cir. 1999); *see Exxon Corp. v. United States*, 931 F.2d 874, 877 n.6 (1991) (quoting *Ex parte Sibbald v. United States*, 37 U.S. 488, 492 (1838)) ("Whatever was before the Court, and is disposed of, is considered as finally settled. The inferior court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate."); 18 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4478 (3d ed. 2002) (quoting *Messenger v. Anderson*, 225 U.S. 436, 444 (1912)) (internal quotations omitted) (stating the law-of-the-case doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power").

Plaintiff brought her FMLA claims first to the district court. *See* Compl. The district court heard and dismissed with prejudice all claims under FMLA for lack of subject matter jurisdiction. 18 Sept. 2020 Order at 2–3. Further, the Eleventh Circuit reviewed the district court's dismissal of the FMLA claims and affirmed "the district court did not err." *Armstrong v. United States*, No. 21–10200, 2021 U.S. App. LEXIS 37848, at *2–*3 (11th Cir. Dec. 21, 2021). Plaintiff now brings the same FMLA claims to this court. *Compare* Pl.'s Transfer Compl. ¶¶ 18–21, 25–31, *with* Pl.'s Second Am. Compl. Ex. A ¶¶ 32–33, 36–43. Those claims include: use of sick and annual leave when plaintiff sought to involve leave under the FMLA; inaccurate listings on daily assignments and pay period statements as LWOP and AWOL instead of FMLA for periods in January, February, and March in 2020; listing of 56 hours as absent without leave on records in period instead of 32 hours of leave under the FMLA in Pay Period Two; removal of 16 hours from allotment of annual leave when plaintiff sought to use leave under the FMLA in Pay Period Eight; removal of eight hours from allotment of sick leave when plaintiff sought to use leave under the FMLA in Pay Period Nine; plaintiff's listing of absent without leave for 48 hours when plaintiff sought to use leave under the FMLA in Pay Period Ten. *See* Pl.'s Second Am. Compl. Ex. A ¶¶ 32–33, 36–43. The amended complaint contains the same FMLA claims as were brought by plaintiff to the district court and appealed to the Eleventh Circuit. *Compare* Compl., *with* Pl.'s Second Am. Compl. Ex. A. These claims were heard, previously dismissed with prejudice, appealed, and the dismissal was affirmed on appeal. *See* 30 Oct. 2020 Order. These claims "have already been decided at an earlier stage of the litigation" and precludes plaintiff from relitigating those issues. *Suel*, 192 F.3d at 985; *Toro, Co. v. White Consolidated Indus., Inc.* 383 F.3d 1326, 1335 (Fed. Cir. 2004).[3] Accordingly under the law of the case

[3] In addition to the law of the case doctrine requiring the Court to follow the previous rulings of this case, the Court would further find it has no subject matter jurisdiction under sovereign immunity grounds. *See Bogumill v. Off. of Pers. Mgmt.*, No. 98-3195, 1998 WL 486754, at *2 (Fed. Cir. Aug. 13, 1998) (agreeing with the Board's decision to dismiss plaintiff's "bare FMLA appeal" due to "no jurisdictional basis"); *McCarron v. United States*, 84 Fed. Cl. 616, 618 (2008) (citations omitted) ("Title II of the FLMA provides no redress by judicial review of a federal employee for alleged violation of its provisions."); *see* 5 U.S.C. §§ 6381–87 (excluding a private right of action for federal employees).

doctrine, the Court will not reconsider what has already been litigated. *Suel*, 192 F.3d at 985; *see Exxon Corp.*, 931 F.2d at 877 n.6 (quoting *Ex parte Sibbald*, 37 U.S. at 492).

## VI. Plaintiff's FLSA Claims

### A. Whether the Court Lacks Subject Matter Jurisdiction

The Tucker Act confers jurisdiction upon the COFC for claims against the United States for money damages but requires a money-mandating statute to bring suit. *Adair v. United States*, 497 F.3d 1244, 1250 (Fed. Cir. 2007) (citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472–73 (2003)). "It is well established that a claim against the government under the monetary-damages provision [28 U.S.C. § 216] of the FLSA . . . is within [the Court of Federal Claim's] Tucker Act jurisdiction." *Abbey v. United States*, 745 F.3d 1363, 1369 (Fed. Cir. 2014).

As relief, plaintiff asks the Court for "correction of all records" and "to grant Ms. Armstrong an order to have claims criminally investigated by the appropriate authorities, due to claims can also be considered criminal." The Tucker Acts confers jurisdiction over claims against the United States for money damages. *Adair*, 497 F.3d at 1250 (citing *White Mountain Apache Tribe*, 537 U.S. at 472–73). Plaintiff asks for injunctive relief, which does not necessitate money damages; therefore, the Court does not have subject matter jurisdiction. *See id.* Inasmuch as plaintiff asks for injunctive relief, the Court dismisses those claims for lack of subject matter jurisdiction. *See id.*

Plaintiff asserts she "did not receive [six] hours of annual leave and [four] hours of sick leave for Pay Period Seven of 2020." Pl.'s Second Am. Compl. Ex. A ¶ 35; Pl.'s Transfer Compl. ¶ 23. As the district court held, "[T]he FLSA expressly prohibits several types of acts but does not prohibit employers from reducing an employee's annual leave." *Armstrong v. Barr*, No. 7:17-cv-01857, 2020 U.S. Dist. LEXIS 36356 (N.D. Ala. 2020); *see* 29 U.S.C. § 215(a). Plaintiff fails to establish a claim under a monetary-damages provision because the FLSA does not prohibit the reduction of annual or sick leave. *Adair*, 497 F.3d at 1250 (citing *White Mountain Apache Tribe*, 537 U.S. at 472–73); *see* 29 U.S.C. § 215(a). Accordingly, the Court does not have subject matter jurisdiction over plaintiff's claim she "did not receive [six] hours of annual leave and [four] hours of sick leave for Pay Period Seven of 2020."[4] *See id.*

Plaintiff also asserts she was not permitted to review and sign her time and attendance sheets from 5 June 2017 to 31 December 2017, from 31 December 2018 to 1 January 2018, and from 1 January 2019 to 20 March 2019. Pl.'s Second Am. Compl. Ex. A ¶¶ 22, 27, 29; *see* Pl.'s Transfer Compl. ¶¶ 8, 13, 15. Plaintiff also presents she was improperly recorded as AWOL prior to 14 August 2018, on 14 August 2018 from 12:00 p.m. to 4:00 p.m., and for 28 hours for Pay Period Sixteen of 2018. Pl.'s Second Am. Compl. Ex. A ¶¶ 24–26; *see* Pl.'s Transfer

[4] Assuming the Court had subject matter jurisdiction, plaintiff does not allege sufficient facts to infer by not receiving "[six] hours of annual leave and [four] hours of sick leave for Pay Period Seven of 2020," she was not paid at least the minimum wage or overtime pay for each hour in excess of the statutory minimum. Pl.'s Transfer Compl. ¶ 23. These claims, therefore, are not valid FLSA claims and would not survive a motion to dismiss. 29 U.S.C. § 216(b); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007)); *see also Bolick v. Brevard Cty. Sheriff's Dep't*, 937 F. Supp. 1560, 1568 (M.D. Fla. 1996); *see infra* Section VII.B.

Compl. ¶¶ 10–12. The government argues the Court, as a court of limited jurisdiction, lacks subject matter jurisdiction because the relief sought for these claims is solely injunctive, relating to restoration of leave and correction of records, and "are neither themselves claims for money, nor are they 'subordinate to' a claim for money." Def.'s Mot. to Dismiss at 8–10. Plaintiff's complaint indicates plaintiff is seeking monetary relief but does not specify a total amount or allocate specific amounts in connection with her inability to review and sign time and attendance sheets. Pl.'s Second Am. Compl. Ex. A at 15–16; *see* Pl.'s Transfer Compl at 8–9. As the review of time and the characterization of leave affected the amount Ms. Armstrong was or was not paid, the claims give rise to money damages, and the Court has subject matter jurisdiction. *Abbey*, 745 F.3d at 1369; *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding *pro se* complaints are held to "less stringent standards than formal pleading drafted by lawyers"). The Court must next determine if plaintiff's claims relating to the review of time and attendance sheets are sufficiently pled under the FLSA. *Adair*, 497 F.3d at 1250 (internal quotations omitted) ("Tucker Act jurisdiction requires merely that the statute . . . mandates a right of recovery in damages . . . not that a plaintiff-appellant has state[d] a proper claim based on the statute or pled it properly."); *see infra* Section VI.B.

**B. Whether the Plaintiff Pled Valid FLSA Claims**

The government asserts various claims must be dismissed for failure to plead a valid FLSA claim. Def.'s Mot. to Dismiss at 9–16. The FLSA provides a right of action for nonexempt employees who work more than the statutory mandate without compensation: "Any employer who violated the provisions of [the FLSA] shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . ." 29 U.S.C. §§ 207(a)(1), 216(b); *see also* 29 U.S.C. § 203(e)(2) (extending the FLSA to federal government employees). A claim is plausible and survives a motion to dismiss "when a plaintiff pleads factual content that allows the court to draw the reasonable interference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007)). Accordingly, to plead a valid claim under the FLSA, plaintiff must allege facts she worked overtime for which she has not been paid, or pay has fallen below minimum wage. 29 U.S.C. § 216(b); *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Plaintiff claims the BOP "took $32.64 from her Pay Period Two . . . without notification or explanation of alleged overpayment" and "took $42.76 from her pay for Pay Period Five . . . without notification or explanation why money was taken from pay." Pl.'s Second Am. Compl. Ex. A ¶¶ 23–34; *see* Pl.'s Transfer Compl. ¶¶ 9, 22. Plaintiff does not allege the taking of $32.64 or $42.76 out of her pay in the respective pay periods caused her not to be paid at least the minimum wage or overtime pay for each hour in excess of the statutory minimum. *See* Pl.'s Second Am. Compl. Ex. A ¶¶ 23–34. Indeed, Ms. Armstrong's earnings and leave statement for Pay Period Five does not show any deductions. Def.'s Mot. to Dismiss Ex. D, ECF No. 44-4 (Pay Period Five Earnings & Leave Statement); *see also Rocky Mt. Helium, LLC v. United States*, 841 F.3d 1320, 1325 (Fed. Cir. 2016) (allowing documents incorporated into the complaint by reference to be considered). Plaintiff does not allege facts sufficient to infer the missing pay caused plaintiff to be paid below the minimum wage or not receive overtime pay and, therefore, has not plead valid FLSA claims to survive a motion to dismiss. 29 U.S.C. §

216(b); 5 C.F.R. § 551; *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see Diaz v. United States*, 156 Fed. Cl. 270, 275 (2021) (quoting *Barrentine v. Arkansas-Best Freignt Sys., Inc.*, 450 U.S. 728, 739 (1981) (internal quotation marks omitted) ("Congress enacted the FLSA to protect all covered workers from substandard wages and oppressive working hours, labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers."); *see also Bolick v. Brevard Cty. Sheriff's Dep't*, 937 F. Supp. 1560, 1568 (M.D. Fla. 1996) (quoting 29 U.S.C. § 216(b) ("The relief available to employees who claim violations . . . of the FLSA is limited to 'their unpaid minimum wages, or the unpaid overtime compensation . . . .'"); *Walling v. A. H. Belo Corp.*, 316 U.S. 624, 630 (1942) (holding FLSA does not prevent pay at a lower rate as long as pay exceeds statutory minimum).

Plaintiff claims the start times on 22 February 2019 and 7 March 2019 were listed incorrectly resulting in the loss of "one hour of pay and night differential pay" and "caus[ing] an additional 15 min[utes] of unauthorized comp[ensatory] time to be taken from Ms. Armstrong['s] leave balance." Pl.'s Second Am. Compl. Ex. A ¶¶ 30–31; *see* Pl.'s Transfer Compl. ¶¶ 16–17. Plaintiff does not allege the incorrect start times resulted in overtime (over eight hours a day or 40 hours a week) or falling below minimum wage. *See* Pl.'s Second Am. Compl. Ex. A ¶¶ 30–31. Indeed, the government shows Ms. Armstrong was scheduled to work an eight-hour shift on 22 February 2019 from 4:00 p.m. to 12:00 a.m.; her eight-hour shift was divided into a three-hour compensable non-duty block and a five-hour compensable duty block. Def.'s Mot. to Dismiss Ex. E, ECF No. 44-5 (Certified Time & Attendance Summary 2019 Pay Period Four). The government shows the change of the start time of the second compensable duty block did not result in overtime because Ms. Armstrong still worked her eight-hour shift. *Id.* As plaintiff does not allege facts for the Court to infer BOP violated "minimum wage or overtime provisions," so these claims are not valid FLSA claims and do not survive a motion to dismiss. 29 U.S.C. § 216(b); 5 C.F.R. § 551; *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see Diaz*, 156 Fed. Cl. at 275 (citing *Barrentine*, 450 U.S. at 739); *see also Bolick*, 937 F. Supp. at 1568.

Plaintiff alleges BOP refused to allow Ms. Armstrong to "review time and attendance files to ensure accuracy." Pl.'s Second Am. Compl. Ex. A ¶¶ 22, 27, 29, 44; *see* Pl.'s Transfer Compl. ¶¶ 8, 13, 15. Plaintiff does not allege BOP's refusal resulted in a violation of minimum wage or overtime provisions. *See* Pl.'s Second Am. Compl. Ex. A ¶¶ 22, 27, 29, 44. Accordingly, the claims are not valid FLSA claims and do not survive a motion to dismiss. 29 U.S.C. § 216(b); 5 C.F.R. § 551; *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see Diaz*, 156 Fed. Cl. at 275 (citing *Barrentine*, 450 U.S. at 739); *see also Bolick*, 937 F. Supp. at 1568.

Plaintiff also claims BOP "listed Ms. Armstrong as AWOL" on Pay Period Sixteen in 2019 when leave was available or changed "LWOP to AWOL." Pl.'s Second Am. Compl. Ex. A ¶¶ 26, 36; Pl.'s Transfer Comp. ¶¶ 10–12, 24. Plaintiff does not allege facts to infer the characterization caused BOP to violate FLSA's minimum wage or overtime pay provisions. *See* Pl.'s Second Am. Compl. Ex. A ¶¶ 26, 36. Ms. Armstrong's "Time and Attendance Summary" shows she was paid above minimum wage and would not have worked overtime even without the characterization. Def.'s Mot. to Dismiss Ex. C, ECF No. 44-3 (Certified Time & Attendance

Summary for Pay Period Sixteen 2018). As plaintiff has not pled facts showing the listing as AWOL caused her to fall below FLSA's minimum wage or overtime pay provisions, she has not sufficiently pled under FLSA, and her claims do not survive the motion to dismiss. 29 U.S.C. § 216(b); 5 C.F.R. § 551; *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see Diaz*, 156 Fed. Cl. at 275 (citing *Barrentine*, 450 U.S. at 739); *see also Bolick*, 937 F. Supp. at 1568.

### C.     Whether FLSA Claims for Overtime Are Sufficiently Pled

Plaintiff claims on 25 January 2019 she "needed to use [a] work computer," and to do so, she stayed beyond her shift. Pl.'s Second Am. Compl. Ex. A ¶ 28; Pl.'s Transfer Compl. ¶ 14. She was not compensated for this time. Pl.'s Second Am. Compl. Ex. A ¶ 28. The government argues plaintiff did not specify the computer use was work-related, and the Court should not accept the computer use as compensable work. Def.'s Mot. to Dismiss at 12.

A plaintiff asserting a FLSA overtime claim must prove: (1) "each activity for which overtime compensation is sought constitutes 'work'"; (2) "the amount of time claimed for performing an activity is not *de minimis*"; and (3) the amount of time claimed is reasonable in relation to the principal activity. *Bull v. United States*, 68 Fed. Cl. 212, 220, 225 (2005), *decision clarified*, 68 Fed. Cl. 276 (2005), *aff'd*, 479 F.3d 1365 (Fed. Cir. 2007); *Bobo v. United States*, 136 F.3d 1465, 1467–68 (Fed. Cir. 1998) ("[W]here the compensable preliminary work is truly minimal, it is the policy of the law to disregard it."). Plaintiff was assigned as a perimeter mobile patrol and "[t]he Mobile Patrol Officers do not have immediate access to a work computer as the other officers/employees do, due to vehicles are not equipped with laptops (computers). Employees working these posts must be relieved from posts to go inside and use computer and to take care of any other work-related issues (such as submitting [Office of Personnel Management] 71 forms, ["Request for Leave or Approved Absence,"] reviewing and signing their time and attendance files . . ., etc.)." Pl.'s Second Am. Compl. Ex. A at 3. While plaintiff does not state her specific reason for the need of a work computer, it is not unreasonable to infer her use was for a compensable work-related purpose. The government disputes the activities Ms. Armstrong counts as 'work' because "Ms. Armstrong's own account of her job responsibilities strongly suggest[s] that she could not plausibly allege that her computer use was compensable 'work.'" Def.'s Mot. to Dismiss at 13 n.8. At the motion to dismiss stage the Court is "require[d to] construe all factual disputes in favor of [the nonmoving party]." *See James v. J2 Cloud Servs., LLC*, 887 F.3d 1368, 1373 (Fed. Cir. 2018).

A FLSA overtime claim must not be *de minimis* or unreasonable in relation to the principal activity. There is a presumptive *de minimis* threshold of ten minutes. *Bull*, 68 Fed. Cl. at 226–27 (adopting the "rule of thumb that ten minutes of . . . work that would otherwise be compensable . . . be treated as non-compensable if it totals less than ten minutes per day."). Plaintiff does not specify the amount of time needed to use the computer in the transfer complaint or amended complaint; however, plaintiff's earlier amended complaint in the district court suggests it took thirty minutes to complete her computer work. Pl.'s First Am. Compl. ¶ 6. Assuming plaintiff spent more than ten minutes on the computer based on plaintiff's earlier complaint, her computer work is not *de minimis* or unreasonable to fill out forms or review and sign time and attendance sheets. *Id.* After construing the facts in favor of plaintiff, the Court finds plaintiff's claim for thirty minutes of unpaid overtime is a valid FLSA claim and has been

sufficiently pled at this stage. *See James*, 887 F.3d at 1373; *Henke v. United States*, 60 F.3d at 799 (exercising leniency and explaining ambiguity in favor of *pro se* plaintiff).

### D. Whether the Statute of Limitations Bars Any FLSA Claims

The parties dispute if certain FLSA claims are barred by the statute of limitations. The government argues certain FLSA claims are barred under the two-year statute of limitations. Def.'s Reply to Mot. to Dismiss & Resp. to Pl.'s Mot. for Leave Second Am. Compl. at 2. Plaintiff argues she may take advantage of her original filing date of 5 June 2020 to overcome the statute of limitations. Pl.'s Resp. to Mot. to Dismiss ¶ 6. Further, plaintiff asserts the government willfully violated the FLSA and therefore the statute of limitations extends to three years. Pl.'s Sur-Reply at 2, ECF No. 51. The government concedes plaintiff may gain the benefit from the 5 June 2020 filing date but is still barred under the statute of limitations. Pl.'s Resp. to Mot. to Dismiss at 2; Def.'s Reply to Mot. to Dismiss & Resp. to Pl.'s Mot. for Leave Second Am. Compl. at 2. Plaintiff, when amending the complaint, clarified she was not paid for overtime on 18 May 2017. Pl.'s Second Am. Compl. Ex. A ¶ 21.

A claim under FLSA "shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C § 255(a). The cause of action accrues under the FLSA "at the end of each pay period when it is not paid." *Cook v. United States*, 855 F.2d 848, 851 (Fed. Cir. 1988) (citation omitted); *see Knight v. Columbus*, 19 F.3d 579, 581 (11th Cir. 1994) (collecting cases stating the cause of action accrues at each regular payday). Plaintiff claims she was "not paid for two hours of overtime for May 18, 2017." Pl.'s Second Am. Compl. Ex. A ¶ 21. Neither party alleges when the cause of action accrued (i.e., the date of payday), and the discrepancy prevents the Court from determining whether 29 U.S.C. § 255(a) bars the claim. Further, parties dispute whether plaintiff was paid for the two hours of overtime. The dispute of fact and the close dates in question prevent the Court from dismissing the claim at the motion to dismiss stage as these questions are more appropriately resolved at a summary judgment stage. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Beach Cmty. Bank v. CBG Real Estate LLC*, 674 F. App'x. 932, 934–35 (11th Cir. 2017) (quoting *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)) (stating a court can dismiss at the Rule 12(b)(6) stage 'only if it is apparent from the face of the complaint that the claim is time-barred'); *Momenian v. Davidson*, 878 F.3d 381, 387 (D.C. Cir. 2017) (internal quotation marks omitted) ("[C]ourts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint because statute of limitations issues often depend on contested questions of fact.").

## VII. Conclusion

For the foregoing reasons, the Court: (1) **GRANTS** plaintiff's motion for leave to amend complaint; (2) **GRANTS** the government's motion to dismiss the FMLA claims under the law of the case doctrine (paragraphs 32–33 and 36–43); (3) **GRANTS** the government's motion to dismiss for lack of subject matter jurisdiction (paragraph 35); (4) **GRANTS** the government's motion to dismiss FLSA claims for failure to state a claim (paragraphs 22–27, 29–31, 34, and 44); and (5) **DENIES** the government's motion to dismiss the FLSA overtime claims (paragraph

21 and 28). Inasmuch as plaintiff's claims request injunctive relief, the Court **DENIES** those claims.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge