# In the United States Court of Federal Claims

No. 22-46
(Filed: 16 May 2023)
NOT FOR PUBLICATION

```
*************************************
RESHAWN ARMSTRONG,                  *
                                    *
                Plaintiff,          *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
                Defendant.          *
                                    *
*************************************
```

# ORDER

**HOLTE, Judge.**

On 16 December 2022, the Court granted in part and denied in part the government's Motion to Dismiss.  *See* 16 Dec. 2022 Order, ECF No. 52.  In the Court's 16 December 2023 Order, the Court dismissed twenty-two of plaintiff's Fair Labor Standards Act ("FLSA") counts related to:  (1) the law of the case doctrine; (2) accrual of annual or sick leave; (3) time and attendance sheet reviews for accuracy; (4) incorrect start times; and (5) certain pay withholdings.  *Id.* at 12–13.  The Court denied the government's Motion to Dismiss as to two of plaintiff's FLSA counts related to overtime pay allegedly earned on 18 May 2017 and 21 May 2022.  *Id.*  On 13 January 2023, the government filed its Answer on the remaining two overtime claims, ECF No. 54.  Pursuant to Rule 26 and paragraphs 4–6 of Appendix A of the Rules of the Court of Federal Claims ("RCFC"), the parties were required to submit a joint preliminary status report proposing a schedule for discovery and a case management plan on 3 March 2023.

On 3 March 2023, the government filed a preliminary status report informing the Court despite "numerous attempts to contact plaintiff, Ms. Reshawn Armstrong, she has not responded."  Gov't's Preliminary Status Report at 1, ECF No. 56.  The government requested leave to serve discovery and proposed forgoing a discovery schedule as well as deferring RCFC 26 initial disclosures until the government could confer with plaintiff regarding discovery.  *Id.* at 3–4.  On 8 March 2023, the Court:  (1) directed plaintiff to communicate with the government; (2) stayed the case pending communication between the parties; and (3) ordered the parties to file a joint status report updating the Court on the need for discovery.  8 Mar. 2023 Order, ECF No. 57.  On 8 May 2023, the government filed a status report informing the Court the parties had been in contact, but plaintiff had not "provide[d] her positions on the preliminary status report questions."  8 May 2023 Status Report at 2, ECF No. 58.  The government further indicated plaintiff "intends to pursue *all* her FLSA claims[] and . . . desire[s] to begin discovery as soon as

possible." *Id.*  The government was unable to provide the Court with an estimated date of when plaintiff would provide her positions on the preliminary joint status report.  *Id.*

"The case management procedures are intended to promote cooperation among counsel, assist in the early identification of issues, minimize the cost and delay of litigation, and enhance the potential for settlement."  RCFC Appendix A ¶ 1.  The Joint Preliminary Status Report, as part of the case management procedure, is an essential tool the Court uses to effectively manage the case when the parties work together, as they should in every case.  The Court, again, notes plaintiff is required to prosecute her case, including corresponding with the government's counsel regarding scheduling and other proceedings.  If plaintiff is unwilling to correspond with the government's counsel, the Court will be forced to dismiss her case.  *See Whiting v. United States*, 99 Fed. Cl. 13, 17 (2011) (citing *Kadin Corp. v. United States*, 782 F.2d 175, 176–77 (Fed. Cir. 1986)) ("While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules . . . .").  RCFC 41(b) provides "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it."

Pursuant to RCFC 16(b)(1), "[t]he court must issue a scheduling order:  after receiving the parties' Joint Preliminary Status Report under Appendix A, paragraphs 4–6; or after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference."  The Court is to "issue the scheduling order as soon as practicable after the filing of the Joint Preliminary Status Report, but in any event within 14 days after any preliminary scheduling conference."  RCFC 16(b)(2).

Accordingly, the government **SHALL FILE** a proposed schedule for proceedings pursuant to Rule 16 of the Rules of the Court of Federal Claims **on or before 30 May 2023**.  Plaintiff **SHALL FILE** a response to the government's proposed schedule **on or before 13 June 2023**.  If plaintiff does not respond to the government's proposed schedule, the Court will adopt the government's proposed schedule pursuant to RCFC 16 and in the interest of judicial efficiency.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge
